UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
www.flsd.uscourts.gov

In re:

ANNA MARIA SANDERS                           Case No. 13-11065-BKC-JKO

      Debtor.                                     Chapter 11 Case

_____/

TINA M. TALARCHYK, ESQUIRE                   0:15-cv-62593-MGC

      Appellant,

v.

JOHN K. OLSON,

      Bankruptcy Judge.

_____/

## APPELLANT'S EMERGENCY MOTION FOR STAY PENDING REVIEW

Appellant, TINA M. TALARCHYK, ESQUIRE ("Appellant") and the Debtor, ANNA MARIA SANDERS ("AMS"), seek an immediate Order staying all proceedings in the Bankruptcy Court below pending review by the Eleventh Circuit Court of Appeals. As good grounds for Stay, on an emergency basis, Appellants would show that:

1.      Appellants have previously appealed the Bankruptcy Court's, the Honorable John K. Olson ("the Bankruptcy Court"), Orders denying Appellants' Motion for Recusal, and directing filing of Trust Account records, and sought Stay.   This Court affirmed the Bankruptcy Court's Orders and denied Stay.   The Bankruptcy Court went forward with a proceeding on January 19, and following a non-evidentiary hearing, denied Appellant's Motion for Continuance and Appellants' Motion for Stay Pending Review as Moot and entered an Order Finding Tina M. Talarchyk In Contempt Of Court, Directing Disgorgement Of Certain Funds, Suspending Her From Practice Before This Court, And Remanding Her To The Custody Of The United States

Marshal ("Order of Contempt") [D.E. 338].

2.      The matter is properly stayed pending appeal to the 11th Circuit. No proceeding should go forward in the Bankruptcy Court, and the Contempt Order should not be effective while the issues in this matter are under review.

3.      The Contempt Order entered January 19 is a nullity as it purports to find Appellant in contempt (a) without an evidentiary hearing and (b) on an Order of criminal contempt entered by the Bankruptcy Court without approval of the District Court. This Bankruptcy Court is fully aware that it does not possess the power to enter such an Order. *See*, *In Re Maria Barone*, Case No. 0:11-mc-60993-AJ at [Doc. 22] (S.D. Fla. October 13, 2011) ("[N]o court has held or ruled that a bankruptcy court can imprison someone on its own for criminal contempt, direct or indirect. Several courts, in fact, have concluded that a criminal contempt sanction that includes incarceration mandates *prior* district court review.).

4.      The Bankruptcy Court held a ***non-evidentiary*** hearing on January 19 and was not in compliance with Bankruptcy Rule 9014 and 9020. Also, the Contempt Order denies Appellant due process as it cancelled Appellants ECF filing privileges, thus preventing her from filing her own Notice of Appeal.

5.      The actions of the Bankruptcy Court, previously as appealed and on the Contempt Order, are subject to legitimate question as not being the product of an impartial tribunal and a significant issue is raised as to whether the matter should have been referred to another judge for consideration. The Bankruptcy Court is clearly going beyond its authority and taking harsh action while review is pending   It is in the public interest that the courts not be seen in a light of acting inappropriately or improvidently and therefore, the proceedings in the Bankruptcy Court are properly stayed pending review by the 11th Circuit.

6.      As set forth in the Affidavit of Tina M. Talarchyk attached hereto as Exhibit "A" and incorporated herein by reference, Ms. Talarchyk understood that this matter had been changed from an evidentiary hearing to a non-evidentiary hearing, with the Motion for Stay still pending before the Bankruptcy Court and an appeal immediately filed to the 11th Circuit, thus the January 19 proceedings would be a status conference with scheduling in light of the pending appeal. Additionally, Ms. Talarchyk is the mother of twin twelve year old girls, one of whom had taken ill over the weekend and Ms. Talarchyk took her daughter to the doctor first thing Tuesday morning. *See*, Affidavit of Appellant, Exhibit "1".

7.      During the pendency of this appeal, Ms. Talarchyk has taken steps to comply with the Court's Order while contesting the validity thereof, and is compiling the applicable records for turnover to the U.S. Attorney Examiner. Ms. Talarchyk has deposited the sum of Ten Thousand Eight Hundred Seventy-Nine Dollars and Fifty Cents ($10,949.50) into the Registry of the Clerk of this Court and is otherwise taking steps to comply with the Court's directive.   However, the sanctions imposed by the Order are premature, inappropriate and a hardship for Ms. Talarchyk. She is contesting the Bankruptcy Court's Orders in good faith, acting expeditiously and in the process of obtaining review. For the Bankruptcy Court to suspend Appellant from the practice of law in Bankruptcy Court, prior to that review being concluded, and to expect her to comply with the Orders before such review, on pain of sanctions of incarceration and suspension, is inappropriate.

8.      There are serious issues relating to the proper handling of Bankruptcy Courts' close family relationships with Bankruptcy practitioners in what is a small, tight-knit group where the Courts wield great power over cases. *See,* e.g. *In re Trafford Distributing Center, Inc*, Case No. 08-01792-JKO at [DE 259](Second Motion to Recuse) – a related case is currently on appeal to

the 11th Circuit, and Oral Argument was held on January 15, 2016.   See also (*In re Nica Holdings, Inc,* 12-32686-JKO), *Ullrich v. Welt and Osborne*, 14-14685 (11th Cir, December 17, 2015). Events have been cited by Appellants which cast serious doubts upon the Bankruptcy Court's impartiality [D.E. 290, 306]. Movants attested that this Court is hostile to Appellant because Appellant had professional altercations with this Court's husband, Steven Fender. Appellant and this Court's husband, Mr. Fender, were on opposite sides of an Adversary Proceeding beginning April 24, 2013 when Ms. Talarchyk noticed her appearance on behalf of two Defendants in a pending adversary (Bakst v. Talbot, Case No. 12-01023-PGH) where Mr. Fender was the lawyer representing the Trustee/Plaintiff, Michael Bakst. After the Court issued an Order Denying the Summary Judgment Motions in the Talbot adversary [D.E. 125 in Case No. 12-01023-PGH] ("Talbot Order") on April 24, 2014. The Talbot Order was critical of the Trustee noting in one instance that the Trustee made claims "without citing to any evidence" (at p.9 of 17); pointing out that the Trustee had conceded that $389,500 of the total $566,057.32 was received pursuant to a Management Agreement while at the same time making the argument that the Trustee could recover same (p.10 of 17); noting that the "Trustee has failed to meet [his] burden" and "makes numerous conclusory statements" (p. 10 of 17) in his unverified Motion detailing that absolutely no evidence was offered while the Defendants submitted (and the Talbot Order noted) affidavits and documents in support of their position including a pre-litigation letter and details regarding the monies at issue. *See*, [D.E. 290] (Appellant's prior Motion to Recuse). At the very next hearing in the instant case, the Bankruptcy Court was harshly critical of Appellant, and ridiculed her and her work in subsequent Orders.

   9. The Bankruptcy Court ignored those facts in its ruling [D.E. 302]. The Court found:

    The Recusal Motion asserts that the Court should recuse because Talarchyk
    has been involved as counsel in litigation in which the Court's husband, G.

Steven Fender, was counsel to an opposing party. Talarchyk asserts that the Court is "hostile to [Talarchyk] as a potential competitor to Mr. Fender." [Recusal Motion at p. 3]. The Recusal Motion asserts that the Court demonstrated an "angry attitude" toward Talarchyk at a hearing held on June 5, 2014, and that the Fee Order constituted "payback" or "retaliation" for interactions between my husband and Talarchyk in that other case, all of which allegedly occurred between April and August 2014. Talarchyk cites no authority for the proposition that a federal judge must recuse him- or herself because a judge's family member is "a potential competitor" to a lawyer appearing before that judge, or because a family member has been adverse to a lawyer in a highly contentious case. There simply is no basis for the recusal of a federal judge on such grounds. Recusal is not required here under 28 U.S.C. § 455(b).

*See*, [D.E. 302] at p. 13. The Debtor herself has submitted an affidavit saying that she wants this case to be concluded and with no further action by the Bankruptcy Court [D.E. 290-2].

## <u>MEMORANDUM OF LAW</u>

For the reasons set forth herein, the Orders and the effect thereof, as well as any further proceedings from the Bankruptcy Court are properly stayed pending review. Generally a trial court and an appellate court should not attempt to assert jurisdiction over a case simultaneously. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 60 (1982). In this case, where the issue is recusal and fairness of tainted proceedings, while this case is on appeal, there should be no further action in the Bankruptcy Court. *See,* e.g., *Smyth v. City of Oakland (In re Brooks-Hamilton)*, 329 B.R. 270, 276 (9th Cir. BAP 2005) (bankruptcy court stayed suspension until appeal process concluded).

A stay pending appeal should ordinarily be granted as a matter of course, in a case such as this. *See Smyth v. City of Oakland, supra,* 329 B.R. at 276; *Growth Realty Co. v. Regency Woods Apartments, Ltd.*, 686 F.2d 899, 902-03 (11th Cir. 1982). With a suspension and incarceration now ordered, it is clear that the Bankruptcy Court is taking very aggressive action, and must be stayed. This is not a case of staying proceedings in an ongoing bankruptcy case, rather, it is a request for

the Bankruptcy Court to stay further proceedings, in a dismissed case, until such time as the appellate court can review the facts associated with both the recusal motion and the closing of the bankruptcy case completely.

Four factors are examined by the courts when presented with a motion for stay pending appeal: (1) whether the Movant has made a showing of likelihood of success on the merits; (2) whether the movant has a made a showing of irreparable injury if the stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest. *Jet Networks FC Holding Corp. v. Goldberg*, 09-21082-CIV, 2009 WL 1616375, *2 (S.D. Fla. June 9, 2009); *In re Shunnarah*, 273 B.R. 671, 672 (M.D. Fla. 2001); *See In re Micci*, 188 B.R. 697, 699 (S.D. Fla. 1995); *See* also *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986). These factors must be viewed in light of the "importance of the right of appeal and preservation of the status quo during the appeal." *Jet Networks FC Holding Corp. v. Goldberg*, 2009 WL 1616375, *2; *In re Howley*, 38 B.R. 314, 315 (Bankr. D. Minn. 1984).

Further, once the last fee applications were resolved, there were no other pending motions and no other disputes exist in the bankruptcy case which normally be closed once the Orders on the remaining Fee Applications were affirmed by the District Court. Also, based upon the Court's earlier issuance of an Order to Show Cause why Talarchyk shouldn't be referred to the Florida bar, the Florida Bar reviewed the trust account records, the Bankruptcy record, the position of the client whose funds were at issue concluding that there were no improprieties. The client whose funds are at issue has filed papers in the Bankruptcy Court indicating her satisfaction with the representation as well as indicating she would pay her counsel what she believed that they were owed despite what the Bankruptcy Court ruled on the fee applications. *See*, [D.E. 290-2]. So,

despite the case being dismissed for almost two years, after completing a successful Chapter 11, paying all creditors and restoring the client's life and livelihood, the instant bankruptcy judge continued to issue orders directed at the Appellant to continue his campaign against her. This is the reason that it is clearly impracticable to await the Bankruptcy Court's issuance of a stay, and why it is necessary to request expedited consideration by this Court.

With regard to the Order Denying the Motion To Recuse, the Bankruptcy Court has overlooked or otherwise failed to recognize or take into account the appearance of partiality or bias as a result of the stated adversarial interchange between the Bankruptcy Court's husband and Ms. Talarchyk, the Bankruptcy Court's subsequent actions, and the unseemliness of the Bankruptcy Court's continuing to take action while the issues are on appeal. The following actions by the Court give rise to an appearance of partiality, antagonism, vengeance, and other judicially inappropriate conduct at a time when there are no pending disputes, the trust account funds revested with the Debtor when the case was dismissed in March, 2014 and at a time when the bankruptcy court does not have subject matter or "related to" jurisdiction in accordance with 11 U.S.C. § 1334:

a.      Conducting an unnecessary and detailed critical description of Debtor's counsel's actions and detailing the Court's analysis of why fees should be reduced, in an Order "tagged for publication" [D.E. 270], when the Debtor has filed an affidavit that she wanted her attorney to be paid in full.   The Orders "tagged for publication" did not rule on any substantive law issues.

b.      Conducting a "witch hunt" investigation of counsel's records, and causing the Florida Bar to begin an investigation before any evidence was collected by the Court.

c.      Issuing a detailed Order denying a recusal [D.E. 302] (which is one subject of the Appeal), completely overlooking the Court's actions which are relevant to the Motion, criticizing

Debtor's counsel Ms. Talarchyk and, again, the Opinion was "tagged for publication."

     d.     Taking on the role of prosecutor, witness and judge, improperly, by continuing to demand filing of Trust Account records in yet another critical Order [D.E. 303] and setting the stage for further proceedings, another Order that may be "tagged for publication" and now changing the sanction to suspension of practice in the S.D. Fla. Bankruptcy Court since the Florida Bar had investigated and found no improprieties.

     e.     Issuing an "Order to Show Cause" [D.E. 312] asserting a failure to comply with an Order while ignoring the facts that Appellant filed a Motion for Reconsideration [D.E. 306] and an Appeal [D.E. 308], and threatening suspension or reprimand.

     f.     Suspending Talarchyk and ordering her immediately incarcerated (indefinitely) with any evidentiary hearing being conducted.

The only open and pending matters were the various fee applications of counsel which were ruled upon in Orders entered in May 2014 [D.E. 247, 248, 249, 270]. The Debtor's attorneys' firms' fee applications were ruled upon in orders entered in October 2014 and appeals were filed as to the approval of compensation in January 2015. The appellate court affirmed the awarded amounts and held that it could not opine on the recusal issue under the posture of the case at that time. There is nothing to be done in the case at all. This Chapter 11 is dismissed and all pending issues have been ruled upon. There is no case or controversy. The issue of reviewing Trust account records was already addressed by the Florida Bar. This Court should stay this case and not create the opportunity for HJKO to write and publish another disparaging and threatening order on issues and matters that are fully resolved.

There is nothing to be done in the case at all. As this Chapter 11 is dismissed and all pending issues have been ruled upon, there is no case or controversy. The issue of reviewing Trust account

records was already addressed by the Florida Bar. Certainly there is no urgency to proceedings in the Bankruptcy Court such that those matters must proceed before there is finality on appeal.   This Court should stay this case.

With regard to the first factor to consider, likelihood of success on appeal, the Appellant respectfully submits that there is clear error in the Bankruptcy Court's analysis of the facts of record and the applicable standards for recusal. The further proceedings are likewise defective, and now the subject of another Appeal. *See*, Composite Exhibit "2".

As for the second consideration to grant a stay, Appellant will suffer irreparable injury if the stay is not granted. This Court has repeatedly subjected Appellant to highly critical Orders "tagged for publication." The referenced "tagged" Orders are upsetting, intimidating, intrusive and debilitating. Appellant sought review and seeks protection from further aggressive conduct by this Court which is received as calculated for retribution and intimidation. Now the Bankruptcy Court has issued a Contempt Order [D.E. 338] which orders Appellant's incarceration and suspends her from the practice of Bankruptcy in the Southern District. Ms. Talarchyk is a bankruptcy practitioner and, therefore, her livelihood will be irreparably injured by the Bankruptcy Court's actions against her and she seeks both stay and recusal for those reasons, as well. Therefore, no further action should be taken until the subject rulings have been reviewed on appeal.

As for the third consideration, whether a stay would cause substantial harm to other parties, this is a closed case with no opposition. There is no harm to other parties should the stay be entered pending appeal. Lastly, granting a stay would serve the public interest in upholding the principle that a citizen may have access to review on appeal before the Bankruptcy Court's Orders are irretrievably pursued. Moreover, in the event that the Appellant's arguments are correct, it would serve the public interest that there not be further inappropriate attacks "tagged for publication" or

any other judicial forms of intimidation and threat by a judge who should not be presiding over the instant case.

   **WHEREFORE**, Appellant moves this case for entry of its Order staying the subject Orders, pending review on appeal.

Dated January 19, 2016.

Respectfully submitted,

| **THE TALARCHYK FIRM** | **SWEETAPPLE, BROEKER & VARKAS, P.L.** |
|---|---|
| By:  */s/ Tina M. Talarchyk* | By:  /s/ Douglas C. Broeker |
| Tina M. Talarchyk, Esquire | Douglas C. Broeker, Esq. |
| Fla. Bar No. 794872 | Fla. Bar No. 306738 |
| *Pro Se and on Behalf of Debtor* | *Counsel for Tina M. Talarchyk, Esq.* |
| 205 Worth Avenue, Suite 320 | 44 W. Flagler Street, Suite 1500 |
| Palm Beach, Florida 33480 | Miami, Florida 33130 |
| Tel: (561) 899-3333 | Tel.: (305) 374-5623 |
| Fax: (561) 899-3379 | Fax: (305) 358-1023 |
| tmt@palmbeachbk11.com | Doug@broekerlaw.com |
| www.palmbeachbk11.com | Docservice@broekerlaw.com |

## <u>CERTIFICATION OF EMERGENCY</u>

**WE, TINA M. TALARCHYK and DOUGLAS C. BROEKER, HEREBY CERTIFY**

that, as a members of the Bar of this Court, we have carefully examined this matter and it is a true emergency. We further certify that the necessity for this emergency hearing has not been caused by a lack of due diligence on my part, but has been brought about only by the circumstances of this case. The issues presented by this matter have not been submitted to the Judge assigned to this case or any other Judge or Magistrate Judge of the Southern District of Florida prior hereto.

We further certify that we have made a bona fide effort to resolve this matter without the necessity of emergency action.

CASE NO. 15-cv-62593-MGC

## CERTIFICATE OF SERVICE

**WE, TINA M. TALARCHYK and DOUGLAS C. BROEKER, HEREBY CERTIFY**

that we are each admitted to the Bar of the United States District Court for the Southern District

of Florida and that we are each in compliance with the additional qualifications to practice in this

Court as set forth in Local Rule 2090-1(A).

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was filed via

electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail

notification of such filing to all CM/ECF participants in this case and via Regular U.S. Mail to all

parties who are not on the list to receive e-mail notification/service for this case on this 19th day of

January, 2016.

| **THE TALARCHYK FIRM** | **SWEETAPPLE, BROEKER & VARKAS, P.L.** |
|---|---|
| By:   */s/ Tina M. Talarchyk*   | By:   /s/ Douglas C. Broeker   |
| Tina M. Talarchyk, Esquire | Douglas C. Broeker, Esq. |
| Fla. Bar No. 794872 | Fla. Bar No. 306738 |
| *Pro Se and on Behalf of Debtor* | *Counsel for Tina M. Talarchyk, Esq.* |
| 205 Worth Avenue, Suite 320 | 44 W. Flagler Street, Suite 1500 |
| Palm Beach, Florida 33480 | Miami, Florida 33130 |
| Tel: (561) 899-3333 | Tel.: (305) 374-5623 |
| Fax: (561) 899-3379 | Fax: (305) 358-1023 |
| tmt@palmbeachbk11.com | Doug@broekerlaw.com |
| www.palmbeachbk11.com | Docservice@broekerlaw.com |