UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-62593-Civ-COOKE

In re:
ANNA MARIA SANDERS,

    Debtor.
_____/

TINA M. TALARCHYK, ESQ.,

    Appellant,

v.

JUDGE JOHN K. OLSON, United
States Bankruptcy Judge,

    Appellee.
_____/

## ORDER GRANTING EMERGENCY MOTION TO STAY

THIS MATTER is before me on Appellant Tina M. Talarchyk's Emergency Motion for Stay Pending Review (ECF No. 12). After reviewing the Motion, the record, and relevant legal authorities, Appellant's Emergency Motion for Stay Pending Review is granted.

On December 10, 2015, Tina M. Talarchyk ("Appellant" or "Ms. Talarchyk") filed a Notice of Appeal (ECF No. 1) of the following Bankruptcy Court Orders by the Honorable John K. Olson ("Appellee" or "Judge Olson") in Bankruptcy Case No. 13-11065-BKC-JKO: Order on Motion to Recuse, Order Directing Filing of Trust Accounting Records, and Order Denying Motion to Reconsider. On January 15, 2016, I entered my Order Affirming the Decision of the Bankruptcy Court (ECF No. 10). Ms. Talarchyk filed a Notice of Appeal of my Order to the Eleventh Circuit Court of Appeals on January 17, 2016 (ECF No. 11). She then filed the instant Emergency Motion for Stay Pending Review on January 19, 2016 (ECF No. 12).

Ms. Talarchyk seeks a stay of all proceedings in the Bankruptcy Court below pending review by the Eleventh Circuit of my Order Affirming the Decision of the Bankruptcy

Court.  She bases her motion on Fed. R. Bankr. P. 8007.  Rule 8007 governs stays pending appeal *to* an intermediate tribunal, such as a bankruptcy appellate panel or a district court acting in its appellate capacity.  *See In re Sunset Sales, Inc.*, 195 F.3d 568, 571 (10th Cir. 1999) (referring to former Bankruptcy Rules 8005 and 8017, the predecessors of current Rules 8007 and 8025).  Stays pending appeal *from* an intermediate appellate tribunal are governed by Rule 8025.  *Id.*  Rule 8025 provides that the judgment of an intermediate appellate tribunal shall automatically be stayed for fourteen days after entry, unless otherwise ordered by the court.  Fed. R. Bankr. P. 8025(a).  Rule 8025 further provides that an intermediate appellate tribunal may stay its judgment pending an appeal to the court of appeals.  Fed. R. Bankr. P. 8025(b).  This stay, absent good cause shown, may not extend beyond thirty days after entry of the judgment.  *Id.*  However, if an appeal to the circuit is filed, the stay continues until the court of appeals disposes of the matter.  *Id.*  Even though Appellant relies upon the incorrect Federal Rule of Bankruptcy Procedure in support of her Motion, I will construe her motion as seeking a stay under Rule 8025.

Appellant did not first seek a stay from this Court pursuant to Rule 8025 before filing her notice of appeal to the Eleventh Circuit.  She only sought a stay in this Court after filing her notice of appeal to the Eleventh Circuit.  Courts are split concerning whether a district court or bankruptcy appellate panel may grant a stay after an appeal has been taken to the circuit court.  *Compare In re Imperial Real Estate Corp.*, 234 B.R. 760 (B.A.P. 9th Cir. 1999) (holding that an intermediate appellate tribunal may rule on a motion to stay despite the earlier filing of a notice of appeal) and *In re Miranne*, 852 F.2d 805 (5th Cir. 1988) (holding that the district court, after disposing of an appeal from a bankruptcy court order, retains jurisdiction to grant a stay pending appeal to the circuit court despite the filing of a notice of appeal before the request for a stay) *with In re One Westminister Co., Inc.*, 74 B.R. 37, 38 (D. Del. 1987) (holding that current Rule 8025 "plainly contemplates the grant of a stay by the district court of bankruptcy appellate panel only in the period before an appeal is taken.").

I find, in accordance with the courts in *In re Imperial Real Estate* and *In re Miranne*, that I may rule on a motion to stay despite an earlier filing of a notice to appeal.  While Rule 8025(b) clearly contemplates that a stay may be requested before a notice of appeal is filed, there is nothing in Rule 8025(b) that prohibits the issuance of a stay after the notice of appeal is filed.

Accordingly, it is **ORDERED and ADJUDGED** that Appellant's Emergency Motion for Stay Pending Review (ECF No. 12) is **GRANTED**. The proceedings of the Bankruptcy Court shall be **STAYED** pending the resolution of Appellant Tina M. Talarchyk's appeal to the Eleventh Circuit. This matter shall remain **CLOSED**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 21st day of January 2016.

*[signature]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Honorable John K. Olson, U.S. Bankruptcy Judge*
*Counsel of Record*